IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FREDERICK DONOVON WATSON, | * |
| Petitioner, | * |
| vs. | * |
| | CASE NO. 4:13-cv-480 (CDL) |
| STACY N. STONE, | * |
| Respondent. | * |

## O R D E R

Petitioner has filed an Emergency Motion for Stay of Deportation Pending Decision on Habeas Corpus. (ECF No. 9.) He requests that this Court stay his order of removal pending the resolution of his application for habeas corpus pursuant to 28 U.S.C. § 2254. Because the relief sought challenges an order of removal, this Court has no jurisdiction to grant the relief he seeks. Accordingly, Petitioner's Emergency Motion for Stay must be denied.

### BACKGROUND

Petitioner is a native and citizen of Jamaica, but was granted lawful permanent resident status in the United States in 1988. (Emergency Mot. for Stay 2.) Petitioner admits that he was convicted in February 2009 of possession of marijuana in violation of O.C.G.A. § 16-13-30. He was sentenced to 24 months probation. (*Id.*) On August 31, 2012, Petitioner pled nolo

contendere in the State Court of Gwinnett County to family violence battery and possession of marijuana in violation of O.C.G.A. §§ 16-5-23.1(f) and 16-13-2(b). (*Id.*, Pet. for Writ of Habeas Corpus 1.) Petitioner was sentenced on November 20, 2012 to twelve months confinement, but was allowed to serve those twelve months on probation. (Emergency Mot. for Stay 2.)

On April 1, 2013, Petitioner was served with a Notice to Appear stating that Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(F) and 8 U.S.C. § 1227(a)(2)(B)(i) for having been convicted of a crime relating to a controlled substance. (Emergency Mot. for Stay 2.) An Immigration Judge ordered Petitioner removed pursuant to the crimes charged in the Notice to Appear on April 29, 2013. (*Id.*) It is unclear from the record whether Petitioner appealed the order of removal to the Board of Immigration Appeals. Additionally, a search of the Eleventh Circuit's docket indicates that Petitioner has not appealed the removal order to the Eleventh Circuit.[1]

Petitioner filed a motion to withdraw his guilty plea in the State Court of Gwinnett County on June 13, 2013. (Emergency

---

[1] A court may properly take judicial notice of public records, such as another court's docket. *See, e.g., Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (finding no error in a district court taking judicial notice of documents from a Plaintiff's prior case because they are "public records that were not subject to reasonable dispute") (internal quotation marks and citation omitted).

2

Mot. to Stay 2.) This motion was denied on June 28, 2013. (*Id.*) It does not appear from the record that Petitioner has sought any further review in the state court.

Instead, on October 28, 2013, Petitioner filed an application for federal habeas relief pursuant to 28 U.S.C. § 2254 in this Court. He asserts in his application for habeas relief that he did not voluntarily enter his guilty plea, that he had ineffective assistance of counsel at his guilty plea, and that he was not represented by counsel at his guilty plea. (Pet. for Writ of Habeas Corpus 5.) Petitioner claims that he has no state remedies available to him because the original term of court during which he was convicted has expired. (*Id.*) Petitioner states that he did not file a state application for habeas relief because he is in federal custody, but offers no further explanation as to why he failed to pursue available state remedies. (*Id.* at 6.)

On November 13, 2013, Petitioner filed the presently pending emergency motion to stay his deportation. In this motion Petitioner asserts that he is being wrongly removed because his 2012 guilty pleas were illegally entered and should not be considered against him to support deportation. (*See* Emergency Mot. for Stay 3-5.) Consequently, Petitioner contends this Court should stay removal pending consideration by this Court of the legality of Petitioner's guilty pleas.

3

**DISCUSSION**

The REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. *See, e.g., Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699-700 (11th Cir. 2011) ("[A]n order of removal may be reviewed only by a court of appeals after the filing of a petition for review."). The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . , a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

8 U.S.C. § 1252(a)(5). This provision has consistently been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief. *See Tejada v. Cabral*, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal—be they stays or permanent injunctions—were to be issued by the appropriate courts of appeals."); *Lage v. Chapdelaine*, No. 3:10-cv-1030, 2010 WL 4688820, at *4 (D. Conn. Nov. 10. 2010) ("The Real ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal."); *Eisa v. Immigration & Customs*

4

*Enforcement*, No. 08-civ-6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) (finding that the court lacked jurisdiction to grant petitioner a stay of removal); *Wilfort v. Gonzales*, No. 07-0350-CG-C, 2007 WL 2220461, at *2 (S.D. Ala. Jul. 27, 2007) (same).

Although Petitioner has couched his attack on the order of removal as being based on the invalidity of an underlying criminal conviction and not the removal order directly, he clearly seeks to have this Court stay his deportation until this Court can review the basis for his order of removal. Congress has made it clear that only an "appropriate court of appeals" can provide this relief.  8 U.S.C. § 1252(a)(5).  While an argument can be made that in very limited circumstances a district court may have jurisdiction to enjoin the removal of an alien, those circumstances do not exist here.  *See* 8 U.S.C. § 1252(f)(2)(authorizing such relief when an alien "shows by clear and convincing evidence that the entry or execution of such [removal] order is prohibited as a matter of law."). Petitioner has failed to present any evidence that would support a finding that his removal as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) or for having committed a crime relating to a controlled substance pursuant to § 1227(a)(2)(B)(i) is prohibited as a matter of law. Consequently, this Court has no jurisdiction to stay Petitioner's deportation.

The Court observes that Petitioner is not left without a remedy. The statute provides an appeal of the deportation order ultimately to the Court of Appeals. Moreover, the Court of Appeals has the authority to stay the deportation pending its decision on the appeal. *See Nken v. Holder*, 556 U.S. 418 (2009). Therefore, the relief Petitioner seeks here is available through the Court of Appeals. The only difference is that the Court of Appeals has the authority to grant the relief if it determines it is appropriate whereas this Court does not.

**CONCLUSION**

For the reasons explained above, Petitioner's Emergency Motion for Stay of Deportation Pending Decision on Habeas Corpus (ECF No. 9) is denied.

IT IS SO ORDERED, this 18th day of November, 2013.

                                            S/Clay D. Land
                                            UNITED STATES DISTRICT JUDGE